PETERSON, Chief Judge.
Ava M. Honig appeals, pro se, a final order of the Florida Commission on Human Relations (the Commission) which refused to act on her claim that she had been the victim of discrimination.
Honig thinks she was the victim of discrimination when, in December 1991 or shortly thereafter, she received a grade of “B” instead of an “A” in her German I class. It is undisputed that she called the Commission in June 1992 with the expressed intention of filing a complaint, but she was told that the Commission only handles housing and employment discrimination complaints. Later, she mailed a letter to the Commission stating that she had contacted it two years *1237 earlier about the matter, that the Department of Legal Affairs recently had referred her to the Commission, and that, in a telephone conversation the previous Monday, the Commission had confirmed that it only handles housing and employment discrimination complaints. The Commission responded by letter that a complaint must be filed within 365 days of the alleged discriminatory action. She responded that she had timely called the Commission in 1992, but that she had been advised that the Commission only handles housing and employment discrimination complaints. Since the Commission was now stating that a complaint was now untimely, she wondered whether she had been misled previously. The Commission explained that it does not investigate educational issues unrelated to employment. Honig was told she had the right to appeal. She did.
Nothing in chapter 760 (1991), “DISCRIMINATION IN THE TREATMENT OF PERSONS,” suggests that the Commission is empowered to investigate and take other action with regard to alleged discrimination of this sort. The Commission’s broadly-stated function is to “promote and encourage fair treatment and equal opportunity for all persons” and to “endeavor to eliminate discrimination ... and antagonism,” but the rest of the chapter limits the Commission’s duties to employment, to housing, and to AIDS victims. Section 760.10, Florida Statutes (1991), describes unlawful employment practices and the remedies therefor. Section 760.10(10), Florida Statutes (1991), provides that anyone aggrieved by a violation of the section may file a complaint with the Commission within 180 days of the alleged violation. Similarly, sections 760.23, 760.24, and 760.25 describe prohibited practices in the sale or rental of housing, in the provision of real estate brokerage services, and in real estate financing and transactions. Section 760.34, Florida Statutes (1991), provides that a person aggrieved by a discriminatory housing practice may file a complaint with the Commission. The final area of discrimination for which a remedy is provided is with respect to AIDS and related illnesses. § 760.50, Fla.Stat. (1991).
Although the purpose of the Commission is broadly stated, its powers are limited in that the remedies provided in chapter 760 for discrimination claims are limited to those instances where the discrimination involves employment, housing, or AIDS. Because an agency’s interpretation of its function is given credence, because the Commission’s interpretation in this case is in accord with chapter 760 and logic, and because Honig has never claimed that her situation involves employment, housing, or AIDS, the order of the Commission is affirmed.
AFFIRMED.
COBB and HARRIS, JJ., concur.